IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TOMIKO ODOM                                                    PLAINTIFF

V.                                        CAUSE NO. 3:13CV513-LG-JCG

SOREY TIRE COMPANY, INC.;
JOHN DOE TRUCKING COMPANY;
and JOHN DOES I THRU X                                   DEFENDANTS

MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT is the [40] Motion for Summary Judgment filed by

Defendant Sorey Tire Company, Inc. ("Defendant" or "Sorey Tire").  Having

reviewed the submissions of the parties and the relevant law, the Court is of the

opinion that the Motion should be denied because, construing the facts in the light

most favorable to the non-movant, (1) Plaintiff Tomiko Odom ("Plaintiff" or "Odom")

was not merely a bystander to the accident that he alleges caused his injuries, and

(2) there are genuine issues of material fact surrounding the cause of Odom's

injuries.

BACKGROUND

This is a diversity action governed by Mississippi law.  Odom sues Sorey Tire

for negligence and gross negligence related to an August 26, 2010 incident at Sorey

Tire in Forest, Mississippi.  Odom claims that while at Sorey Tire to have repairs

performed on his tractor trailer truck, a tire which was being repaired by a Sorey

Tire employee for another vehicle exploded, killing the Sorey Tire employee.

According to the testimony of Odom, he was knocked down by the force of the

explosion and temporarily lost consciousness:

> Q: And how long after the – after the incident did you come to?
>
> A: Maybe – a minute, maybe.  Two minutes, something like that.  I don't know, because I had a bad concussion.
>
> Q: What knocked you down?
>
> A: Either the impact from the – from the tire.  Because it move him, so, I mean, it wasn't impossible.  Or maybe the impact – the air or something – picking something up and hit me in the head with it – just with the force, I guess.
>
> Q: Do you know whether you were hit by anything?
>
> A: I don't know.
>
> Q: So you don't know exactly how you were knocked down?
>
> A: No.
>
> . . .
>
> Q: When you said, 'it hit you in the head.'  What hit you in the head?
>
> A: The tire, or part of the tire or something.  Part of the tire or the impact of the tire.  I don't know.
>
> Q: Did you see what hit you?
>
> A: No, I didn't.

(Pl's. Dep. 28-29, 40, ECF No. 42-2).  Odom does not recall seeing any debris when he regained consciousness after the incident.

Odom has provided evidence that he suffered injuries to his head, neck, back, eyes, and ears and that he is continuing to suffer headaches, back pain, vision problems, and hearing loss.  He also claims emotional distress and psychological

injuries and has submitted both deposition testimony and medical evidence of the same. Odom has also provided a medical "opinion to a reasonable degree of professional certainty that Mr. Odom has developed psychological symptoms as a result of" the incident at Sorey Tire. (Medical Records Excerpts 5-8, Ex. A to Pl's. Mem., ECF No. 42-1; *see also* Pl's. Dep. 30, 70-72, ECF No. 42-2).

## STANDARD OF REVIEW

A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In reviewing a motion for summary judgment, the Court views the evidence in the light most favorable to the non-moving party. *Abarca v. Metro. Transit Auth.*, 404 F.3d 938, 940 (5th Cir. 2005). As movant, Defendant bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). If Defendant carries this burden, the burden shifts to Plaintiff to show that summary judgment should not be granted. *Id.* at 324-25. Plaintiff may not rest upon mere allegations in his Complaint but must set forth specific facts showing the existence of a genuine issue for trial. *Abarca*, 404 F.3d at 940.

## DISCUSSION

Sorey Tire disputes the cause, nature, and extent of Odom's injuries, both

physical and psychological. For example, it argues that "[o]ver time, the plaintiff's story has evolved from not being hit with anything with no physical injuries to being hit in the head and back when the tire blew." (Def.'s Mem. 2, ECF No. 41). Sorey Tire has also submitted medical records which conflict with those submitted by Odom. However, for summary judgment purposes, the Court must accept the evidence offered by Odom as true.

## I. Sorey Tire is not entitled to summary judgment based on its "bystander" argument.

Sorey Tire's argument, that this entire action should be dismissed because Odom was a mere bystander to the August 2010 incident, is not persuasive. Under Mississippi law, "[f]or purposes of foreseeability, emotional-distress plaintiffs are divided into two categories: participants and bystanders." *Estate of Miles v. Burcham*, 127 So. 3d 213, 217 (Miss. 2013). "Participants are directly involved in the causal event, and the foreseeability of their emotional-distress claims is analyzed like any other damages claim." *Id.* at 217-18. "Bystanders merely observe the causal event . . . ." *Id.* at 218. An emotional-distress plaintiff may not recover damages for merely witnessing an accident unless, *inter alia*, he is related to the accident victim. *See, e.g.*, *Satchfield v. R.R. Morrison & Son*, 872 So. 2d 661, 664-66 (Miss. 2004). In contrast, an emotional-distress plaintiff's involvement in an accident makes him a participant and no familial relationship with the victim is required for him to recover emotional distress damages. *See Estate of Miles*, 127 So. 3d at 218.

Sorey Tire concedes that Mississippi law on bystander recovery is applicable only to emotional-distress claims (*see* Def's. Mem. 3, ECF No. 41), but seeks summary judgment on all claims nonetheless.  As discussed in Section II. below, there are genuine issues of material fact surrounding the cause of Odom's physical injuries, and, thus, Sorey Tire's motion must be denied.

Sorey Tire's request for summary judgment on Odom's claims of emotional distress and psychological injuries must also be denied.  Sorey Tire attempts to distinguish *Estate of Miles* by arguing that the plaintiff in that case "was an actual participant in the motor vehicle accident which led to the death of the other participant . . . ." (Defs.' Reb. Mem. 1, ECF No. 44).  However, construing the facts on summary judgment in the light most favorable to Odom, Odom did not merely observe the Sorey Tire employee after the tire explosion incident, but he himself was knocked to the ground by the explosion and has presented evidence of physical and psychological injuries as a result.  Moreover, Odom's claims do not rest solely on the allegation that he suffered emotional distress by viewing the physical injuries of another.  *See Lee v. Nat'l R.R. Passenger Corp.*, 791 F. Supp. 2d 550, 558 (S.D. Miss. 2011) (applying Mississippi law).  Instead, Odom contends that Sorey Tire's "negligent acts led to injuries of his own." *Id.* at 558-59.  "Such a claim, supported as [Odom]'s is by evidence sufficient to create a genuine issue of material fact," survives summary judgment. *Id.* at 559; *see also Estate of Miles*, 127 So. 3d at 217-18.

Sorey Tire cites Odom's interrogatory responses in support of its argument

5

that Odom's psychological injuries are based solely on witnessing the August 2010 incident. But even those responses show that there is a genuine issue of material fact with respect to the basis for Odom's psychological injuries: he claims to have suffered those injuries as of result of "witness[ing] the event *and* believ[ing] he almost died as a result of this incident." (Interrog. Resp. 3, Ex. D to Def's. Mem., ECF No. 40-4) (emphasis added). In light of the responses, as well as the deposition testimony and medical evidence submitted by Odom, the Court finds that there is sufficient evidence for a jury to reasonably conclude that Odom's psychological injuries were "caused by his involvement in the fatal accident[,]" and not merely by witnessing the death of the Sorey Tire employee. *See Estate of Miles*, 127 So. 3d at 218; *see also Lee*, 791 F. Supp. 2d at 559 (rejecting defendants' bystander argument where plaintiff's case was not based on the actual witnessing of the event, but, rather, "his injuries stem[med] from his placement in a dangerous environment by the defendants' negligent actions").[1]

## II.    There are genuine issues of material fact regarding causation.

Although unclear, Sorey Tire seems to argue that causation is lacking because "[w]hen asked during his deposition in this matter whether he was hit by anything, [Odom] stated 'I don't know' and that he did not recall any debris from

---

[1] If Sorey Tire can show at trial that the emotional distress and psychological injuries for which Odom seeks recovery stem from witnessing the death of the Sorey Tire employee, and not from his own involvement in the accident or from his placement in a dangerous environment, Odom may be precluded from recovering for those damages. However, that is an issue for the jury to decide.

the incident." (Def's. Mem. 2, ECF No. 41).  Similarly, in rebuttal, Sorey Tire states that "[w]here there is no support for any contention by the Plaintiff that he was physically hit by anything, the Plaintiff's claims against Sorey Tire fail as a matter of law." (Def's. Reb. Mem. 2, ECF No. 440).

These arguments go to the weight and sufficiency of Odom's evidence at trial and not to the absence of a genuine issue of material fact.  Odom has presented evidence in the form of deposition testimony that he was knocked down by *something* related to the tire explosion, whether it was the explosive blast of pressure, a part of the tire, or some other debris.  This is sufficient evidence to create a genuine issue of material fact for jury to decide what actually occurred and whether the explosion caused the injuries about which Odom complains.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [40] Motion for Summary Judgment filed by Defendant Sorey Tire Company, Inc. is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 22nd day of October, 2014.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE